IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 21 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. as Broadcast Licensee of the May 6, 2006 De La Hoya/Mayorga Event,<br><br>Plaintiff,<br><br>VS.<br><br>ALICIA PERALES, Individually and d/b/a SHARKEY'S,<br><br>Defendant. | § § § § § § § § § § § § § § CIVIL ACTION NO. SA-08-CA-373-FB |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FINAL JUDGMENT

Before the Court is Plaintiff's Motion for Summary Judgment and Brief in Support filed December 8, 2008 (docket #11), and the Appendix in Support of Plaintiff's Motion for Final Summary Judgment filed December 8, 2008 (docket #12). On December 19, 2008, the Court granted defendant's motion for extension of time to file a response to the motion for summary judgment and extended defendant's deadline to file a response/reply to January 13, 2009. To date no response has been filed.

A motion for summary judgment should be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). A dispute concerning a material fact is considered "genuine" if the evidence "is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is not the Court's function to "weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." Id. at 249. The Court must determine if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. Of course, in ruling on a motion for summary judgment, all inferences drawn from the factual record are viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986).

If the party moving for summary judgment carries its burden of producing evidence which tends to show there is "no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial." Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996). The nonmoving party may not rely upon mere conclusory allegations to defeat a motion because allegations of that type are not competent summary judgment evidence and are insufficient to defeat a proper motion. Id. In fact, if the "nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation," a motion for summary judgment may be granted even in cases "where elusive concepts such as motive or intent are at issue." Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir.), cert. denied, 513 U.S. 871 (1994).

The party opposing the motion also may not rest on the allegations contained in the pleadings but "must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). In meeting this requirement, the party must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports his or her claim." Id. Rule 56 of the Federal Rules of Civil Procedure does not impose upon this Court the "duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Id. (quoting

Skotak v. Tenneco Resins, Inc., 953 F.2d 909. 915-16 & n.7 (5th Cir.), cert. denied, 506 U.S. 832 (1992)). A summary judgment will only be precluded by disputed facts which are material, i.e. "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Factual disputes which are irrelevant or unnecessary to the issue will not preclude summary judgment. Id. The mere failure by a party, as is the case here, to oppose a motion is not a sufficient basis for granting summary judgment. Resolution Trust Corp. v. Starkey, 41 F.3d 1018, 1022-23 (5th Cir. 1995). The moving party must still "establish the absence of a genuine issue of material fact before it can prevail on a summary judgment motion." Id. at 1023. Although no response to the motion has been filed by Alicia Perales, Individually and d/b/a Sharkey's, plaintiff's motion will be considered on its merits and summary judgment will not be granted simply because no response was filed. Hiberna Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

In this case, plaintiff alleges the defendant illegally intercepted the closed-circuit telecast of the May 6, 2006 championship boxing match between Oscar De La Hoya and Ricardo Mayorga, including the undercard and preliminary bouts and exhibited the event in her establishment without paying the licensing fee to plaintiff. In support of the allegation, plaintiff relies, in part, on defendant's answer in which she admitted "there was no contract with Plaintiff or any of its agents to obtain the rights to broadcast the 'Event'"; "to receiving the communication of the event," and "that patrons were able to view the 'Event,'" and the affidavit of Armando Huran, Jr., plaintiff's auditor, who entered defendant's establishment on the night of the Event and observed the Event being telecast to the patrons of defendant's establishment on three televisions. Plaintiff also asserts that because defendant admitted to (1) continuously holding the licenses/permits issued by the Texas

Alcoholic Beverage Commission for this establishment, (2) having the right and ability to supervise the activities of the Establishment, and (3) having an obvious and direct financial interest in the activities of the Establishment her responsibility is established as a matter of law. From a review of the motion, the brief and appendix in support as well as the pleadings on file in this case, the Court finds the plaintiff has established it is an aggrieved party under the Federal Communication Act, 47 U.S.C. §§ 553 and 605 as a matter of law, that the actions were wilful and for purposes of direct or indirect commercial advantage or private financial gain, and that summary judgment should be granted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (docket #11) is GRANTED and it is ORDERED, ADJUDGED AND DECREED that:

1. Judgment is entered in favor of plaintiff against the defendant;

2. Plaintiff shall recover statutory damages pursuant 47 U.S.C. § 605(e)(3)(C)(i)(II) from the defendant in the amount of $10,000.00;

3. Plaintiff shall recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from the defendant in the amount of $50,000.00;

4. Plaintiff shall recover attorney's fees from the defendant in the amount of $20,000.00 for prosecution of this case through Judgment, and

5. Plaintiff shall recover the following conditional awards of attorney's fees from the defendant in the following circumstances:

   a. Ten Thousand Dollars ($10,000.00) in the event the defendant files a motion to vacate, rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action.

   b. Fifteen Thousand Dollars ($15,000.00) in the event the defendant files an appeal to the United States Court of Appeals for the Fifth Circuit that does not result in a reversal of the Judgment obtained in this action.

    c.    Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the United States Supreme Court that does not result in a reversal of the Judgment obtained in this action.

    d.    Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action.

    e.    Two Thousand Dollars ($2,000.00) for collection of the Judgment rendered in this case should plaintiff obtain a writ of execution, writ of garnishment, writ of attachment or other process.

6. The defendant is enjoined from ever intercepting or exhibiting an unauthorized program in violation of the Federal Communications Act.

7. Plaintiff is awarded court costs and post-judgment interest on the amounts awarded herein at an annual rate of 0.44% from the date of this Judgment until paid.

8. All writs and process for the enforcement and collection of this Judgment may issue as necessary.

9. The Judgment in this case is final and this case is DISMISSED.

10. The initial pretrial status conference set in this case for Wednesday, January 28, 2009, at 8:30 a.m. is CANCELLED.

It is so ORDERED.

SIGNED this 21st day of January, 2009.

                                        FRED BIERY
                                        UNITED STATES DISTRICT JUDGE